**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHILDREN'S PALACE, INC.,

       Plaintiff,                           CASE NO. 06-CV-14808
                                                         PAUL D. BORMAN
-vs-                                                 UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

       Defendant.
_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's February 7, 2007, Motion to Dismiss Plaintiff's Complaint. (Dock. No. 6). Plaintiff filed a Response on May 15, 2007. (Dock. No. 10). In light of the briefing the Court discerns no reason for oral argument. *See* E.D. Mich. L.R. 7.1(e)(2). For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This case arises out of Plaintiff's claim that it is owed a refund from the Government ("Defendant") for internal revenue taxes it paid from the years 1996 though 2000 attributable to a net operating loss carryback. Plaintiff is a Michigan daycare corporation which operates several locations all within Wayne County, Michigan. (Compl. ¶ 2). Plaintiff is owned by Deborah Hicks, a resident of Detroit, Michigan. (*Id*. ¶ 3).

On November 22, 2002, Plaintiff filed, through Form 1120, its corporate tax returns for the years 1998 through 2001. (*Id*.). Included with the filing was an affidavit by Plaintiff's current CPA which set forth the reasons for the late filing. (*Id*.). Plaintiff's 2001 tax return shows a $778,118 loss, that Plaintiff claims is attributable to compensation paid to Ms. Hicks, in the sum of $803,124.

(*Id*. ¶ 5, Ex. 1). Plaintiff's tax returns for the 1996, 1997, 1998, 1999, and 2000 show taxes are owed. (*Id*. ¶ 6). The 2001 return sets forth a net operating loss ("NOL") which, if carried back five years, would eliminate the tax liability for the aforementioned years.[1] (*Id*., Ex. 1).

On or about November 22, 2002, Plaintiff also filed a Corporation Application for Tentative Refund ("Form 1139"). (*Id*.). As of the date of filing the present suit, Plaintiff had not received a notice from the Internal Revenue Service ("IRS") that its Claims for Refund were disallowed. Plaintiff avers it is entitled to carryback its NOL and as a result has overpaid its taxes by $196,371. Plaintiff seeks this amount plus interest and attorney fees and costs from Defendant.

## II.    LEGAL STANDARD

Under FRCP 12(b)(1), the party that invokes federal subject matter jurisdiction has the burden of persuading the Court that subject matter jurisdiction exists in this case. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005). The Court is empowered to resolve factual disputes when subject matter jurisdiction is challenged. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## III.    DISCUSSION

Defendant argues Plaintiff has failed to file claims for a refund and as a result, this Court lacks subject matter jurisdiction over the claims. Defendant further contends subject matter jurisdiction is lacking because Plaintiff still owes taxes for 1996 and 1998. Defendant claims Plaintiff must have fully paid any taxes before it can file suit to seeking to recover internal revenue taxes. Plaintiff responds that despite the fact it failed to file administrative claims for refunds for the taxable years 1996 through 2000, the Court enjoys subject matter jurisdiction over this case for

---

[1] Plaintiff carries $77,686 of the NOL forward to 2002. (*Id*.)

the reason that Plaintiff filed Form 1139, which contains the requisite information, and the IRS failed to adequately respond. Further, Plaintiff argues that the BMF-IDRS Transaction Records, which reflect the NOL as to all five years, are not consistent with the IRS' transcripts, and Defendant has not explained this discrepancy.[2] (*See* Pl's Resp. Ex. 8-10). In light of these circumstances, Plaintiff argues Defendant is estopped from denying jurisdiction.

### A. Jurisdictional Prerequisite

The United States cannot be sued unless it waives it sovereign immunity; this waiver is a prerequisite to subject matter jurisdiction. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). As provided in 28 U.S.C. § 1346(a)(1), Congress has expressly waived the government's sovereign immunity in actions against the United States to recover internal revenue taxes.[3] Title 26 U.S.C. § 7422(a) provides,

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard . . .

Therefore, a court does not have subject matter jurisdiction over an action against the United States for a claim pursuant to 28 U.S.C. § 1346, if this jurisdictional prerequisite is not met. *Firdson v.*

---

[2] Although Plaintiff does not explain the relevance or purpose of this document, it appears to be an internal processing document.

[3] Section 1346 states,

> (a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court [United States Court of Federal Claims], of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

*United States*, 95 F.3d 444, 446 (6th Cir. 1996).

Pursuant to 26 U.S.C. § 6511, a claim for a refund of overpayment attributable to a NOL carryback must be filed within three years (with certain extensions) of the due date of the taxpayer's return for the taxable year in which the NOL was accrued.[4]  26 U.S.C. § 6511(d)(2)(A). Consequently, under § 6511, Plaintiff must have filed its refund for the taxable years 1996 through 2000 no later than September 15, 2005.[5]  There is no dispute in this case that Plaintiff failed to file its claim for refund by September 15, 2005, and as a result, Plaintiff has failed to meet the jurisdictional prerequisite, indeed, Plaintiff has never filed a formal claim for refund.

**B.     Estoppel**

Despite Plaintiff's failure to file the appropriate claim, Plaintiff contends Defendant should be estopped from denying jurisdiction.  To this end, Plaintiff notes it applied for a tentative carryback adjustment through Form 1139, which contained all the pertinent information needed for a refund claim, in November, 2002.  (Compl. ¶ 6).  Plaintiff further contends Defendant did not appropriately respond to its Form 1139 within 90 days and its internal documents and transcripts show discrepancies.

First, the Court notes that 26 U.S.C. § 6411, which addresses tentative carryback and refund adjustments, expressly provides, "[e]xcept for purposes of applying section 6611(f)(4)(B), *an application under this subsection shall not constitute a claim for credit or refund.*" 26 U.S.C. 6411(a) (emphasis added); *see also* 26 C.F.R. § 1.6411-1(b)(2) (stating "an application for a

---

[4] Pursuant to 26 U.S.C. § 107, a NOL which arose in 2001 may be carried back up to five years (or forward to the extent it has not been utilized).  26 U.S.C. § 107(b)(1)(H).

[5] Plaintiff has secured an extension to file until September 15, 2002.  (Mot. Ex. C.)

tentative carry back adjustment does not constitute a claim for credit or refund . . . [further] the filing of an application for a tentative carry back adjustment will not constitute the filing of a claim for credit or refund within the meaning of section 6511 . . ."). Therefore, this Court finds Plaintiff's argument, that its Form 1139 should be treated as a claim for a refund, is unpersuasive.

Additionally, even if the Court assumes Defendant failed to respond "to the extent he deems practicable" within the designated 90 days, Plaintiff's estoppel argument is without merit. 26 U.S.C. § 6411(b). Plaintiff relies on one unpublished case in support of its estoppel argument, *Kamens v. United States*, No. 79-0670, 1982 WL 1669 (Jul. 29, 1982 W.D. Mo.) (unpublished). This reliance is misplaced. In *Kamens*, the plaintiff contended that "his filing of an Application for Tentative Refund contemporaneously with his 1972 tax return constituted an informal refund claim." *Id*. at *3. Although, the *Kamens* court noted that "the basic issue is whether under all the facts and circumstances, the Commissioner knew, or should have known, that a claim was being made." *Id*. at *3 (citation omitted). The court went on to observe that "[m]any cases have held that [Form 1139] *does not constitute an informal claim for refund since it is insufficient to put the Service on Notice that a claim for refund is being made.*" *Id*. (collecting cases). The *Kamens* court also relied upon *Thrif-Tee, Inc. v. United States*, 492 F. Supp. 530, 534 (E.D.N.C. 1979), where the court rejected a taxpayer's argument that the IRS was estopped from raising the argument that a claim for refund was untimely when it had failed to respond within 90 days to an application for a tentative refund. *Id*. at *4. The *Kamens* court ultimately held that plaintiff's tentative claim for refund which contained all necessary information, did not constitute an "informal claim" for refund and as a result, the court lacked subject matter jurisdiction over the action. *Id*. at *1-5.

The Court finds that Plaintiff's estoppel argument is without merit. The scant case law relied

5

upon by Plaintiff, in fact supports Defendant's position.[6] Plaintiff argues the IRS should be estopped due to its failure to timely respond and the fact that it submitted an Application for Tentative Refund. Yet, these arguments were rejected by the one case upon which Plaintiff relies. Therefore, even taken in a light most favorable to Plaintiff, assuming it filed its claim believing it was a formal Claim for Refund and the Defendant failed to timely respond to the Application, there is no support for an argument that estoppel is applicable. Further, as expressly stated in § 6411, a tentative claim for refund does not constitute a formal claim. In light of the fact Defendant has established the Court lacks proper subject matter jurisdiction, the Court need not address Defendant's alternative argument based on unpaid taxes.

## IV.    CONCLUSION

For the reasons stated, the Court **GRANTS** in its entirety Defendant's Motion to Dismiss. Further, the Court **DENIES** Plaintiff's Motion for Reconsideration of the Court's Decision to Decide Defendant's Motion to Dismiss on the Briefs as **MOOT.**

liability.

---

[6] Plaintiff notes it may be left with no adequate remedy at law because the statute of limitations has run for filing a formal refund. Plaintiff notes that courts have "assisted" taxpayers in this situation by allowing mandamus relief. *See Vishnesvsky v. United States*, 581 F.2d 1249 (7th Cir. 1978). However, Plaintiff is not seeking mandamus relief. Indeed, the *Vishnevsky* court noted that where a taxpayer files under 1346(a)(1), as in the present action, and the time for filing a claim for refund has run and *no refund has been filed*, the court lacks subject matter jurisdiction over the action. *Id*. at 1252-53.

s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: September 27, 2007

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 27, 2007.


                                        s/Denise Goodine
                                        Case Manager